IN THE UNITED STATES DISTRICT COURT
For THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

FILED
08 JUN 26 PM 12:45
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| James E Topper | C07-4543 JSW (PR) |
| v   Petitioner, | Denial and Exception to the |
| MS Evans, Warden | Return To The Order To Show |
| Respondent. | Cause And Memorandum of Points And Authorities in Support Thereof. |

Petitioner hereby enters his denial and exception to the answer to the order to show cause in the above entitled action, and states:

The current due date for the Traverse, Denial And exception is To And Including June 27, 2008.

### EXCEPTION

Respondent has failed to set forth sufficient facts or law to show cause why Relief Prayed for in the Petition should not be granted.

### Denial

**I.**
Petitioner denies the allegations contained in the return, and denies that his commitment is pursuant to a valid Judgement.

**II**
Petitioner Agrees with Paragraph II within the meaning of 28 USC 2244 (d)

### III

Petitioner agrees with Paragraph III of the Answer.

### IV

Petitioner disagrees and denies Paragraph IV in its entirety, and, reinstates his claim that the State Appellate Court unreasonably applied clearly established Federal Law when it rejected petitioners claim of insufficient evidence.

### V

Petitioner incorporates into this Denial and exception the accompanying Memorandum and Authorities

### Conclusion

Except as expressly admitted above, Petitioner denies each and every allegation of Respondents return.

Dated: June 25, 2008

Respectfully Submitted:

*James E Topper*

James E Topper
Petitioner in Pro Se

# Table of Contents

1. Points And Authorities

2. Argument
   The State Appellate Court unreasonably applied clearly established Federal Law by rejecting Petitioners claim that insufficient supported his Conviction in Count 7 and 8. The Trial Court and Appellate Court further unreasonably applied State And Federal Law by misapplying Evidence Code 1108 By Considering Alledged Conduct outside of California in determining duress.

3. Conclusion.

4. Declaration Of Service

# Table of Authorities

Cases:

Carafas v Lavallee (1968) 391 US 234
[88 S.Ct. 1556; 20 L.ed.2d 554]

Sailer v Gunn (9th Cir 1977) 548 F.2d 271
Burks v United States (1978) 437 US 1
Jackson v Virginia (1979) 443 U.S. 307

People v Espinoza (2002) 95 Cal App 4th 1287
People v Johnson (1980) 26 Cal. 3d 557
People v Leal (2004) Cal 4th 999

Doyle v Ohio, 426 US 610 96 S. Ct 2240, 49 L.ed.2d 91 (1976) (unreasonably applied)

## Constitutions
United States Constitution
Amend XIV.

Rules of Habeas Corpus:
Federal    28 USC   2241(c)
Federal Rule   2(a) 28 USC 2254

In the United States District Court
For the Northern District of California
San Francisco Division

James E Topper
        Petitioner,
v
Ms Evans, Warden
        Respondent,

C07-4543 JSW (PR)

Points and Authorities in
Support of The Traverse To
The Petition For Writ Of Habeas Corpus

The Respondents, Statement of Facts in the Answer is incorrect and false and based on misapplied law as to Duress as well as unlawful testimony by the Courts misuse and illegal interpertation of law in the use of California Rules of evidence Rule 1108 resulting in depriving Petitioner of his right to Due Process.

The Trial Court Allowed the State to misapply Rule 1108 by entering into evidence Testimony of Non Exsistant out of state Crimes That were Never Alledged, Charged or Tried in the Alledged Jurisdictions. These allegations in other than California were Never Alledged, Charged or Tried in The other Jurisdictions because they simply Never happened. The trial Court erred by allowing this untruthful Non exsistant Testimony

into the record as fact to be heard and considered by a California trier of fact and jurisdiction. The Trial further erred by disallowing the Petitioner to use the same rule (1108) to prove there was no such allegations and that the testimony thereof was not factual and indeed false. The misapplication of this rule caused substantial and injurous effect or influence in determining the Jurys verdict. The Appellate Court refused to recognize the Trial misapplication of the rule and when pointed out by the petitioner that regardless of the misapplication of the rule that his conduct outside of California cannot be considered in determining Duress because it was admitted for a limited purpose under the Evidence Code Section 1108. The Court refused to hear it. Since the majority of the case and testimony is based on allowance of the States misapplication of evidence Rule 1108 it is reasonable to assert that a trier of fact would have found otherwise than the finding herein if such testimony of untruthful, unalledged, or uncharged allegations had not been allowed or considered. The appearance herein is that the State tried the Petitioner for the out of State allegations, see Respondents Answer and Points and Authorities. Regardless, without this testimony the conclusion of Duress as described

in counts 7 and 8 would be impossible. Testimony showed that Jennifer was 19 years of age before she ever entered into the State of California for the first time. This was after her military enlistment in which Petitioner aided her in by helping her get medical clearance because of her ears and further helped her get the 15 college credits that allowed her to get into the military as an E-3. Quite a different picture than that painted by the State.

The instructions that the trial court gave to the jury found at pages 478-480 of the Clerks Transcript was that the trial court restricted the use of the other (alledged) crimes evidence based on the out of state evidence or conduct to use as evidence of a propensity. Therefore evidence that was not allowed or admitted at trial to prove duress cannot be relied upon on appeal as providing substantial evidence of duress. Footnote 4 suggest that the Court of Appeal found there was substantial evidence of duress based on the other crimes evidence however this evidence was also based on unalleged, uncharged and untried out of state alledged conduct. That was an unreasonable application of the trial facts to the legal issue on appeal because the trial court so clearly and properly limited the use of that evidence

to proving propensity.

Regardless, Jennifer did not have to return to the family home in Nevada. After being discharged from the military because of her leg injury, she had an invitation to live with her Mothers Parents in Valdosta, GA very Near her duty Station and had an additional invitation to Live with a friend on the east coast that she had met in Basic Training. Jennifer who was now of Legal Age chose to return to the family home in Nevada. By this time the Petitioner was working in California and home in Nevada only on the weekends. Upon Petitioners first weekend home after Jennifers Return, she begged Petitioner to be allowed to return to California with him because she couldn't get along with her mother or younger sister. This Behavior offers no evidence for duress in her decision to move to California with Petitioner once again leaving her family behind in Nevada. Jennifer was 18 years old when she entered California. By the time Jennifers mother and sister moved to California Jennifer had two full time jobs in Livermore, one at BlockBuster Video and one at Lady Godivas at the Southridge Mall. She could have financially afforded to leave the family home in Livermore at anytime.

Some 8 months after Sandee was removed from

the family home the Petitioner moved to Merced to open up his Furniture Store Jennifer once again some 5 weeks later quit both of her jobs and followed the Petitioner to Merced. Jennifer was almost 20 by this time. Her mother stayed behind in Tracy until a family home was established in the Merced area. Jennifer continued to live with the Petitioner for the next 7 months. During this time the Petitioner met a young man on the internet named Justin Edwards from Australia. This meeting was on a chat line that Petitioner hosted. The Petitioner introduced Jennifer & Justin per the internet. The Petitioner contends the two conversed over the next several months and formed a relationship. The Petitioner encouraged and aided Jennifer in getting a passport to go to Australia to meet Edwards. Jennifer did not go to Australia to get away from Petitioner as made out to be by the state. She simply went to meet a young man. The email used by the state as the Defendants response to Jennifers revalation as on page 7 lines 10 through 16 are ludicrous in the fact that the defendant was already incarcarated on the charges involving Sandee prior to Jennifer ever speaking to the Police. The Date on the email was days after Defendants Arrest. The

Defendant Denies ever sending Jennifer such an email and in fact would have been impossible unless he was permitted to have internet access from the County Jail.

Regardless the State failed to prove their case for Duress. At no time did Jennifer offer any evidence that could be construed as Duress or even indicate that any of her California conduct was a result of any duress of any sort. The Prosecution's concession that Duress was the only Therory that might apply to Jennifer was well taken because in the incident involving Jennifer there was no evidence that the sex acts were accomplished with her by means of force, Violence, Menace or Fear of Bodily Injury. Duress was the only Possibility, and the question on this appeal is whether the evidence was constitutionally sufficient to establish Duress. It was not. The standard for Appellate evaluation of the Suffiency of the evidence to prove a criminal charge is well settled. That is evidence which is reasonable, credible and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (People v Johnson, Supra 26 Cal. 3d at P.578) A conviction based on proof that fails to meet this standard violates the defendants Right to Due Process of Law

under the Fourteenth Amendment to the United State Constitution. (Jackson v Virginia, supra, 443 U.S. 307) Subdivision (b) of Section 261 difines duress as follows: As used in this Section "duress" means a direct or implied threat of force, violence, danger or Retribution sufficient to Coerce a reasonable person of ordinary susceptibilities to perform an act which otherwise would not have been performed or acquiesce in an act to which one otherwise would not have Submitted. The total Circumstances, including the age of the victim (Jennifer was 19) and his or her relationship to the defendant, are factors to consider in appraising the existance of Duress. Jennifer testified that the one threat as the means the Petitioner used to prevent her from revealing what was going on was no longer operative By the time she moved to Livermore when she was 19. Duress cannot be established unless there is evidence that the victims Participation was impelled, at least Partly By an implied threat. (People v Espinoza (2002) 95 Cal. App. 4th 1287, 1321.) As to the charged incident there is simply no evidence that Jennifers Participation was impelled By any implied Threat, nor Did Jennifers testimony indicate or support the theory that she was motivated By Such threats.

Her motivation was left entirely unexplained.

The Petitioner would think that the test for duress in this instance would be to remove the unrelated, out of state testimony which can have no bearing on the one charge or incident in Counts 7 and 8 and then apply the rules of duress to see if they can be met. They cannot.

A finding that the evidence was insufficient to support a conviction requires a reversal of the conviction and dismissal of the charges since retrial is barred under Double Jeopardy principles. (Burks v United States (1978) 437 U.S. 1.

## Conclusion

Petitioners Convictions on Count 7 and 8 are not supported by substantial evidence.
Respondent failed in the Answer of the order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted. Petitioners Conviction on Counts 7 and 8 are not supported by law or substantial evidence and should be reversed

And dismissed.

Therefore, Petitioner respectfully request that the Petition For Writ Of Habeas Corpus Be Approved And Granted.

Petitioner also Prays For Any And All relief As Allotted By Law And or Deemed Proper By this Court

Dated: June 24, 2008.

Respectfully Submitted:

James E Topper

James E Topper,
Petitioner in Pro Se.

Declaration of Service By U.S. Mail

Case Name: Topper v Evans, Warden
No: C07-4543 JSW (PR)

On June 24, 2008 I served the Attached:

Petititioners Denial and exception to the return to the order to show cause and Memorandum of Points and Authorities in support Thereof.

By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Mail at Soledad, California addressed as follows;

Office of The Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, California 94102-3664

Declarant:
James E Topper
James E Topper