1 **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

2 Name <u>Topper</u>   <u>James</u>   <u>E</u>
      (Last)       (First)     (Initial)

3 Prisoner Number <u>V79602</u>

4 Institutional Address <u>Salinas Valley State Prison, P.O. Box 1050</u>
5                       <u>Soledad, Cal. 93960-1050</u>

6
                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA

8  <u>James E. Topper</u>                    )
   (Enter the full name of plaintiff in this action.)  )
9                                         )
                    vs.                   )   Case No. <u>C 07-4543 JSW (PR)</u>
10                                        )   (To be provided by the clerk of court)
   <u>M.S. Evans,</u>                       )
11                                        )   PETITION FOR A WRIT
                    <u>Warden</u>          )   OF HABEAS CORPUS
12 _____ )
                                          )   Amended Petition
13 _____ )
                                          )
14 (Enter the full name of respondent(s) or jailor in this action) )
                                          )
15

16              Read Comments Carefully Before Filling In

17 <u>When and Where to File</u>

18      You should file in the Northern District if you were convicted and sentenced in one of these

19 counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20 San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21 this district if you are challenging the manner in which your sentence is being executed, such as loss of

22 good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23      If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in

24 one of the above-named fifteen counties, your petition will likely be transferred to the United States

25 District Court for the district in which the state court that convicted and sentenced you is located. If

26 you are challenging the execution of your sentence and you are not in prison in one of these counties,

27 your petition will likely be transferred to the district court for the district that includes the institution

28 where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS        - 1 -

1    a. Sentenced in Violation of Cunningham v California
2    b. The factors used were Not Admitted by Petitioner
3    c. The factors used were Not Found By the Trier of facts.
4    d. The Factors used to impose Consecutive Sentences were not Admitted or found by the Trier of Fact.
5    Result: Denied                Date of Result: Aug 23, 2007
6    III.   Name of Court: Supreme Court of California
7    Type of Proceeding: Petition for Habeas Corpus
8    Grounds raised (Be brief but specific):
9    a. Sentenced in Violation of Cunningham v California
10   b. The Factors Used were Not Admitted By Petitioner
11   c. The Factors Used were Not Found Beyond A Reasonable Doubt By The Trier of Facts
12   d. The Factors Used to impose Consecutive Sentences were Neither Admitted or found True
13   Result: Denied                Date of Result: May 14, 2008
14   IV.   Name of Court: _____
15   Type of Proceeding: _____
16   Grounds raised (Be brief but specific):
17   a. _____
18   b. _____
19   c. _____
20   d. _____
21   Result: _____ Date of Result: _____
22   (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?
23                              Yes X       No ____
24   Name and location of court: US. District Northern District
     (C07-4543 JSW (PR))
25   B. GROUNDS FOR RELIEF
26   State briefly every reason that you believe you are being confined unlawfully. Give facts to
27   support each claim. For example, what legal right or privilege were you denied? What happened?
28   Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS         - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: The evidence was insufficient to support

6  the convictions of Jennifer in Counts 7 and 8
   in violation of United States Constitution Amend XIV.

7  Supporting Facts: Duress cannot be established unless there is evidence

8  that the victims participation was impelled, at least partly

9  By an implied threat (People v Espinoza (2002) 95 Cal. App. 4th

10 1287, 1321. There is no evidence that Jennifer was impelled
   By any implied threat from appellant. (continued on additional page)

11 Claim Two: Petitioner was sentenced in violation of

12 Cunningham v California (2007) US :127 S.Ct 856, 2007 Daily
   Journal DAR 1003, Jan 22, 2007. 2007 WL 135687, 2007 U.S.Lexis 1324

13 Supporting Facts: The factors used to determine petitioners

14 sentence were neither admitted by the petitioner nor found

15 to be found beyond a reasonable doubt by the

16 trier of facts., in violation of petitioners 6th and 14th U.S.C. amend.

17 Claim Three: Petitioner was sentenced to consecutive sentences

18 in violation of Cunningham vs California (above) supra. The factors
   used were neither admitted nor found by the trier of facts.

19 Supporting Facts:

20 The factors used to impose consecutive sentences

21 were neither admitted by petitioner nor found

22 true beyond a reasonable doubt by the trier of fact.

23 If any of these grounds was not previously presented to any other court, state briefly which

24 grounds were not presented and why:

25 _____

26 _____

27 _____

28 _____

PET. FOR WRIT OF HAB. CORPUS         - 6 -

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

Burks v United States (1978) 437 U.S. 1, Jackson v Virginia (1979) 443 U.S. 307, People vs Espinoza, (2002) 95 Cal. App 4th 1287, People vs Johnson (1980) 26 Cal. 3d. 557 (Continued on Table of Authorities)

Do you have an attorney for this petition?    Yes____    No  X

If you do, give the name and address of your attorney:

_____

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on  July 22, 2008                    James E. Topper
             Date                              Signature of Petitioner

(Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS           - 7 -

# Table of Authorities

Burks v United States (1978) 437 U.S. 1

Jackson v Virginia (1979) 443 U.S. 307

People v Espinoza (2002) 95 Cal App 4th 1287

People v Johnson (1980) 26 Cal 3d 557

Cunningham v California (January 22, 2007 _U.S._; 127 S. Ct. 856; 166 L. ED. 2d 856; 2007 Daily Journal, D.A.R. 1003; 75 US LW 4078; 2007 Cal Daily Op. Serv. 753; 2007 WL 135687; 2007 U.S. Lexis 1324)

Jones v. United States (1999) 526 U.S. 227

Apprendi v New Jersey (2000) 530 U.S. 466.

Ring v AZ 122 S. Ct 2428, 536 US 584, (US 2002)

In Harris v United States, Ante, 536 U.S. 545, 122 S. Ct 2406, 153 L. ed. 2d 524.

Neder v United States, 527 U.S. 1, 25, 119 S. Ct 1827, 144 L. ed. 2d 35 (1999)

Almendarez-Torres v United States, 523 U.S. 224. 248 118, S. Ct. 1219, 140 L. ed. 2d. 350 (1998)

Teague v Lane, 489 U.S 288, 109. S. Ct 1060. 103 L.ed, 2d 334 (1989)

People v Black (2005) 35 Cal 4th 1238. 29 Cal. Rptr. 3d 740, 113 P. 3d 534

In Re Schillaci (1961) 196 Cal App 2d 591

In Re Bell (1942) 19 Cal. 2d 488

In Re. Johnson (1970 3 Cal 3d 404

In Re Montenegro (1966) Cal App 2d. 515

People v Govan 2007 Cal. App Lexis 752 (Cal. App 4th Dist. Div 1, Filed may 15, 2007)

From Page 6

Additional Supporting Facts of Claim One:

Jennifer offered no evidence whatsoever of why she would not have wanted her mother to know what was going on between her and Appellant after she returned from the military and the family moved to California. By this time Jennifer was over 18 years of age. The entire reasoning for this by Jennifer was left entirely unexplained. (Page 18 of Appellants opening Brief.) Also the attorney for the Respondent so incorrectly pointed out to the court that the treatment of Jennifer was so horrible that in order to get away from the Petitioner that Jennifer not only had to leave the state, the country but had to leave the continent. However, Jennifer herself testified in trial (volume 5 page 447, Exhibit B, lines 20 and on) that she did not go to Australia with the intention of it being a sanctuary. She simply stated, she went over there to be with him.

Page 1

Continued From Page 6
Additional Supporting Facts of Claims 2 and 3

Additionally The Trial Court written opinion on the Cunningham issues were in error and incorrect in Denying the Petitioners Petition for Habeas Corpus Based on Failure to Make A Prima Facia Case.

Additionally the Court Alledgly used to Prior Convictions To Base the Upper Term Sentences and Consecutive Sentences Addressed in these Claims. These Reasons were Not Revealed at Trial or Sentencing By the Trial Judge, these were Not Cited By the Court in Any Mention of Mitigating or Aggravation used in Sentencing But in Reviewing Petitioners File (Page 4 of opinion) the Court Found the Petitioner Had A Prior Conviction of Failing to Pay A motel Bill And A Bad Check in 1977 Some 27 years earlier Then The Court went on to relate that in 1989 Petitioner was convicted of making A False Statement to A Bank, some 16 years earlier. Neither of These over A decade Crimes, involved any type of violence in any manner and should Not have Been used in Aggravating the Sentence and in fact Could have Been Used As Mitigating Factors Since the Petitioner had Absolutley No Prior Record of any Violent Acts or violence.

Page II
Continued from Page 6
Additional Supporting Facts of Claim 2 and 3

under these circumstances the upper term sentences with all the other factors were error under Blakely and Cunningham.

The Court also incorrectly stated (page 5) that the Cunningham error is not reversible per se., but is subject to the harmless error standard of Chapman. However on January 22, 2007 our highest Court, the United States Supreme Court, supra. said otherwise. The Sentencing Court on page 5 of the Courts opinion in the Cunningham Petition clearly on lines 7-8-9 admits to the Cunningham errors in Petitioners sentencing and the one point the Courts uses in this matter should never have been in consideration. The Petitioner had no violent history, no history in over 16 years. And the recidivism reason was not valid. Not used at sentencing. The Court goes on to claim there were no mitigating circumstances. There didn't have to be for the Petitioner to be entitled to the middle term. The Court as it admitted in its opinion did err.

Lastly all of the Courts prior reasoning in its opinion is almost moot as the Courts last sentence in its opinion states that the Court could not rely on the two circumstances in aggravation related to the crime.

United States District Court
Northern District of California

James E Topper,
    Petitioner
vs
M.S. Evans, Warden
    Respondent

Case No: C07-4543 JSW (PR)

Motion For Order For Copies.

Petitioner respectfully request that The Court Grant his request for the following Copies for the reasons stated Herein.

Petitioner herein request that this Court order The Courts Clerk To issue copies Requested herein for the Valid reasons As stated herein.

On June 26, 2008, Petitioner Recieved An order From The Court, granting Petitioners Request For Leave To Amend Petitioners original Petition for Habeas Corpus under the Above Captioned case and Case Number. The Courts instructions were very Specific in reference to what Petitioner was and was Not to do in the Amended Petition.

On June 26th 2008 Petitioner sent to the Clerk A letter requesting the forms

Necessary to File an Amended Petition As directed By this Court Included in the letter was a Request For a Copy of the original Petition filed on August 31, 2007. Petitioner had Previously wrote the Clerk making this same request Citing Valid reasons why Petitioner Did not have a copy of The Petition For habeas Corpus Filed on August 31, 2007

On July 9th 2008 The Petitioner recieved A Petition For Habeas Corpus From the Clerk To Complete. The Petitioner Did not recieve A copy of The needed Petition From August 2007. The Petitioner did recieve an Instruction Page From The Clerk. Item VI states there is a Charge of .50 Per Page For Copying and there will be no exceptions to this even For indigent in Forma Pauperus Petitioners

At the time of Filing the August 31, 2007 The Prison in which this Petitioner is incarcerated was on a lockdown situation and had Been 50 30 days Proceeding. There was no Humanly Possible way To get Copies Made. In order to get the Petition into the Court in a timely manner Petitioner believed it needed to Be mailed when it was.

Once Again the Petitioner herein is in Like Circumstances.

On July 1st, 2008 Petitioner Notified The Institutions Law Library That Petitioner Had A Court Deadline Of July 24, 2008. Proof was Supplied in the Form Of The Court order.

On July 16, 2008 Petitioner Sent A Request For Library Access To the Law Library - A Copy of Request is Attached herein The reason for the request is Clearly Marked.

As Of This Day, July 23, 2008 The Request For Library Services To Make Copies For The Court And A Copy For the Attorney General have been ignored. The Petition Must Be Filed in order to Comply with the order Of The Court.

Therefore, Petitioner Prays For this Court To order the Clerk To Forward to The Office Of The Attorney General A Copy Of The Amended Petition And Additionally Forward To the Petitioner herein A Copy of The original Petition

Filed on August 31, 2008 as well as a copy of the Amended Petition Filed on July 23 (mailed)

Respectfully Submitted this 23 day of July, 2008

_James E Topper_
JAMES E Topper
Petitioner

United States District Court
Northern District of California

| | |
|---|---|
| James E Topper, Petitioner<br><br>Vs<br><br>Ms. Evans, Warden Respondent | Case No: C07-4543 JSW (PR)<br><br>Motion For Reconsideration of Request For Appointment of Counsel |

I, James E Topper, declare that I am the Petitioner to the Above Referenced matter. I am currently incarcerated at Salinas Valley State Prison and unable to afford counsel. My total assets are $-0- and my income per month is $-0- Dollars.

I hereBy ask This Court To Respectfully reconsider Appointment of Counsel in the Above Captioned matter Due To the Complexity of the issues involved herein. Additionally I Again Respectfully make this request so that my interest may Be Protected By the Professional Assistance required in Such Complex issues.

I Declare under the Penalty of Perjury that the foregoing is True And Correct And This Declaration was executed on July 23, 2008 at Soledad, California.

James E Topper
James E Topper
Petitioner

Sent on July 16

## SALINAS VALLEY STATE PRISON
# LIBRARY ACCESS REQUEST

| Topper, James | V79602 | A5-131L | July 16, 2008 |
|---|---|---|---|
| **INMATE'S FULL NAME** | **CDC NUMBER** | **BLDG/CELL** | **TODAY'S DATE** |

**CIRCLE ONE:** A2B, A1A UNASSIGN., A1A ASSIGN.
IF A1A ASSIGNED, YOUR WORK ASSIGNMENT: _____ HOURS: _____ RDO'S: _____

I am requesting access to the library for the purpose of: ☐ Conducting Legal Research ☐ Enrolling as a PLU
☐ Recreational Reading of Books and Magazines ☒ Requesting Legal Copies

**NOTE REGARDING PLU INMATES:** SVSP Supplement 53060.16 INMATES WITH COURT DEADLINES (Revision 2/98): Preferred Legal Users (PLU's) are those with a **verified** court deadline within 30 days and representing themselves in the action. Only inmates acting 'In Pro Per' will be afforded PLU status. PLU's will receive priority access to the library. PLU's will receive priority access to the library. To request PLU status, an inmate must submit a written request Law Library Access and include the line, "I am a PLU." If the inmate indicates that he is a PLU but can't provide proof indicating a court deadline, he is in violation of Director's Rule 3021 and subject to a CDC 115. When court documents are unclear for purpose of establishing a deadline, library staff will need clarification to be provided by the inmate.

☒ I AM A PLU: My basis for this declaration is:

| United States District | C07-4543 JSW(PR) | July 24, 08 | James Topper |
|---|---|---|---|
| **Court:** Northern District of California | **Active Case Number:** | **Deadline Date:** | **Inmate's Signature:** |