EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
DORIAN JUNG, State Bar No. 200116
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1342
 Fax:  (415) 703-1234
 Email:  Dorian.Jung@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JAMES E. TOPPER,**<br><br>                              Petitioner,<br><br>         v.<br><br>**M.S. EVANS, Warden,**<br><br>                              Respondent. | C 07-4543 JSW (PR) |

**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
GREGORY A. OTT
Deputy Attorney General
DORIAN JUNG, State Bar No. 200116
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 703-1342
 Fax:  (415) 703-1234
 Email:  Dorian.Jung@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JAMES E. TOPPER,**<br><br>                                   Petitioner,<br><br>     v.<br><br>**M.S. EVANS, Warden,**<br><br>                                   Respondent. | C 07-4543 JSW (PR)<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

**ARGUMENT**

**THE STATE SUPREME COURT DID NOT UNREASONABLY APPLY CLEARLY ESTABLISHED FEDERAL LAW BY REJECTING PETITIONER'S CLAIM OF *CUNNINGHAM* ERROR**

In a supplemental pleading, petitioner contends that, under *Blakely v. Washington*, 542 U.S. 296 (2004) and *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), the trial court erred by imposing an upper term based on facts that were neither found by the jury nor admitted by petitioner.  Any grant of relief on the new rule established by *Cunningham* would violate *Teague v. Lane*, 489 U.S. 288, 310 (1989).  Moreover, petitioner's claim fails on the merits because the state

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

1

courts' rejection of his claim was not contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d). Finally, any error was harmless.

### A. Factual Background

Pursuant to the "One Strike" law, Cal. Pen. Code § 667.61, the state trial court imposed indeterminate prison terms of 15 years on counts 5 and 7, forcible oral copulation. CT 565; RT 625-26. The trial court further imposed the aggravated term of eight years on five further counts of oral copulation. CT 564; RT 626-27. The court imposed a total indeterminate term of 70 years to life.

### B. The *Cunningham* Decision

In *Cunningham*, the United States Supreme Court held that California's procedure for selecting upper terms violates the defendant's Sixth and Fourteenth Amendment right to jury trial because it "assigns to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence." *Cunningham*, 127 S. Ct. at 860. The Court explained, "the Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." *Id.* (citing, inter alia, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely*, 542 U.S. 296, and *United States v. Booker*, 543 U.S. 220 (2005)). The Court found that because Cal. Pen. Code § 1170(b), and the implementing California Rules of Court, allow for imposing an upper term only by a fact that a judge finds by a preponderance of the evidence, the jury trial and reasonable doubt requirements of due process are missing in California's "DSL" system. *Cunningham*, 127 S. Ct. at 868. In reaching this decision, the high court rejected *People v. Black*, 35 Cal. 4th 1238, 1255-56, 1261 (2005), the California Supreme Court's decision holding that California's upper term procedure was constitutional under *Apprendi*, *Blakely,* and *Booker*. *Cunningham*, 127 S. Ct. at 868-71.

### C. Granting Relief Under *Cunningham* or *Blakely* Would Violate *Teague*

In *Teague v. Lane*, 489 U.S. 288, the Supreme Court held that a new rule of constitutional law cannot be applied retroactively on federal collateral review to upset a state conviction or sentence unless the new rule forbids criminal punishment of primary, individual conduct or is a

1  "watershed" rule of criminal procedure.[1/]  *Caspari v. Bohlen*, 510 U.S. 383, 396 (1994).  The
2  Supreme Court has repeatedly emphasized that federal habeas courts must first decide whether
3  *Teague* is implicated before considering the merits of a claim if the state argues that the petitioner
4  seeks the benefit of a new rule.  *Beard v. Banks*, 542 U.S. 406, 412 (2004).  This is true regardless
5  of whether the case is governed by the AEDPA.  *Horn v. Banks*, 536 U.S. 266, 272 (2002); *see*
6  *generally Arredondo v. Ortiz*, 365 F.3d 778, 781-82 (9th Cir. 2004) (identifying proper manner of
7  raising *Teague* argument on appeal).

8  *Teague* involves a three-step analysis.  *Hayes v. Brown*, 399 F.3d 972, 982 (9th Cir. 2005).
9  First, the court must determine the conviction's finality date.  *Id.*  Second, the rule is considered new
10 if, after the court "survey[s] the legal landscape as it then existed," it determines that "existing
11 precedent compelled a finding that the rule at issue was required by the Constitution."  *Id.* (citations
12 and internal quotation marks omitted).  Thus, a rule is not constitutionally compelled if the survey
13 shows that "reasonable jurists" could differ about the outcome.  *Caspari v. Bohlen,* 510 U.S. at 395.
14 Third, if the rule is new, the court "must consider whether it falls within either of the two exceptions
15 to nonretroactivity."  *Beard*, 542 U.S. at 411.

16 A conviction is final under *Teague* "when the availability of direct appeal to the state
17 courts has been exhausted and the time for filing a petition for writ of certiorari has elapsed or a
18 timely filed petition has been finally denied."  *Caspari v. Bohlen*, 510 U.S. at 390.  Here, petitioner's
19 petition for review was denied by the California Supreme Court on September 13, 2006.  Exh. H.
20 Accordingly, his conviction became final ninety days later when the time for a petition for writ of
21 certiorari expired, on December 12, 2006.  *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999);
22 Sup. Ct. R. 13.

23 Moreover, a survey of the relevant case law reveals that "reasonable jurists . . . 'would
24 [not] have deemed themselves compelled to accept [petitioner's] claim'" that his right to jury trial

---

26  1. Respondent acknowledges that the Ninth Circuit Court of Appeals has recently held that
the Supreme Court's *Cunningham* decision did not announce a new rule of constitutional law for
27 purposes of the *Teague* bar.  *Butler v. Curry*, 528 F.3d 624 (9th Cir. 2008).  Respondent respectfully
disagrees with *Butler*.
28

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus -
*Topper v. Evans* - C 07-4543 JSW (PR)

3

was violated when his conviction became final on December 12, 2006. *Johnson v. Texas*, 509 U.S. 350, 366 (1993) (quoting *Graham v. Collins*, 506 U.S. 461, 477 (1993)). It is true that the Supreme Court recently declared that California's upper term sentencing system violates the right to a jury trial in *Cunningham*, finding the dissent's comparison with the post-*Booker* federal system "unavailing." *Cunningham*, 127 S. Ct. at 870. But the fact that the Supreme Court has *now* decided that California's upper term sentencing system violates *Blakely* does not mean that reasonable jurists would have been compelled to reach that conclusion *prior* to the Court's decision in *Cunningham*. *See Butler v. McKellar*, 494 U.S. 407, 415 (1990) (finding *Miranda* case of *Arizona v. Roberson*, 486 U.S. 675 (1988), to be a new rule under *Teague*, despite the *Roberson* majority's conclusion that it was "directly controlled" by prior precedent, reasoning that "[c]ourts frequently view their decisions as being 'controlled' or 'governed' by prior opinions even when aware of reasonable contrary conclusions reached by other courts").

Illustrating this principle in a capital context, the Supreme Court has held that its own decision could not be applied retroactively because it created a new rule. In *Skipper v. South Carolina*, 476 U.S. 1, 4-5, 8 (1986), the Court concluded that it was unconstitutional for the death penalty to be imposed on the basis of information of future dangerousness that the defendant had no opportunity to deny or explain. Later, in *Simmons v. South Carolina*, 512 U.S. 154, 168-69 (1994), the Court held that defendants must be allowed to inform their capital sentencing jury of their parole ineligibility whenever the prosecution contends they are a future danger. In *O'Dell v. Netherland*, 521 U.S. 151 (1997), the Court addressed whether *Simmons* was a new rule under *Teague*. The Court rejected the argument that *Simmons* "presented merely a variation on the facts of *Skipper*," wherein the defendant "was unconstitutionally prevented from demonstrating that he had behaved in prison and thus would not be a danger to his fellow prisoners." *O'Dell*, 521 U.S. at 161. The Supreme Court found the *Simmons* rule new because a reasonable jurist could have made a "distinction between information about a defendant [i.e., *Skipper*] and information concerning the extant legal regime [i.e., *Simmons*]." *Id.* at 165. Just as *Simmons* was not necessarily dictated by *Skipper*, the recent *Cunningham* decision was not necessarily dictated by the Court's

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

4

1  prior precedent.

2  In this regard, the Ninth Circuit's treatment of *Apprendi*, *Blakely*, and *Booker*, the earlier seminal cases in this area, unavoidably shows that *Cunningham* also was not dictated by prior precedent. In each of these three cases, the defendant received punishment *above* the upper-most point of the initial prescribed sentencing range for the crime, based on a fact not found by the jury or admitted by the defendant. In each case, the Supreme Court held that the defendant had the right to have the jury decide the existence of that fact. *Booker*, 543 U.S. at 226-37 (right to have jury find fact raising the sentence from 262 months, the top of the "'base' sentence" of 210 to 262 months for the crime, to thirty years, where a separate grid box and a separate statute allowed for a life cap); *Blakely*, 542 U.S. at 298-305, 308-09 (right to have jury find fact raising the sentence from fifty-three months, the top of the "standard range" of forty-nine to fifty-three months for the crime, to ninety months, where a separate "exceptional sentence" provision allowed for a ten-year cap); *Apprendi*, 530 U.S. at 490 (right to have jury find fact raising sentence from ten years, the top of the "penalty range," to twelve years, where a separate "hate crime" provision allowed for a twenty-year cap).

Although the holdings of *Apprendi*, *Blakely*, and *Booker* have some facial similarity—finding a violation of the defendant's jury trial right in imposing a sentence above the crime's initial range based on facts not found by the jury—each of these cases created a new rule under *Teague*. The Ninth Circuit has held that *Apprendi* announced a new rule that may not be applied retroactively to convictions final before its issuance. *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1246 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 442 (2005). Although *Blakely* had facial similarity to *Apprendi*, the Ninth Circuit nonetheless held that *Blakely* also created a new rule under *Teague*. *Schardt v. Payne,* 414 F.3d 1025, 1027, 1038 (9th Cir. 2005). The court held that *Blakely* was not dictated by *Apprendi*, noting that several circuit courts had reached the opposite conclusion from *Blakely*. *Id.* at 1035. Similarly, the Ninth Circuit determined that *Booker*, applying *Blakely* to the federal guidelines, constituted a new rule under *Teague*, noting that justices had dissented in *Booker*. *United States v. Cruz*, 423 F.3d 1119, 1120-21 (9th Cir. 2005), *cert. denied*, 126 S. Ct. 1181

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

5

(2006). Just as each of the decisions in *Booker*, *Blakely*, and *Apprendi*, arising in different contexts, created new rules, the recent decision in *Cunningham* created a new rule: imposition of an upper term *within* the initial prescribed sentencing range, based on a fact not found by a jury, violates the right to jury trial, even where the trial court has broad discretion that is reviewed for reasonableness.

Significantly, the Court's grant of review in *Cunningham* suggests that its holding was not dictated by prior precedent. In this regard, an important question of federal constitutional law needed to be "settled," presumably because the answer was not all clear. *See* Sup. Ct. R. 10(c). Indeed, in the final analysis, not all the members of the Court agreed on the answer; rather, three justices dissented. *Cunningham*, 127 S. Ct. at 876-81 (Alito, J., dissenting); *see United States v. Cruz*, 423 F.3d at 1120 (noting dissenting opinions in *Booker*).

Further, the conclusion that California's scheme complied with *Booker* in particular, while now found to be incorrect, was nonetheless reasonable before *Cunningham*. In *Booker*, the Court found the mandatory Federal Sentencing Guidelines violated the Sixth Amendment, but the Court judicially rendered the Guidelines as factors to be considered, and allowed that a sentence would ultimately be subject to a "reasonableness" review. *Booker*, 543 U.S. at 226-37, 248-65. Although the *Cunningham* majority ultimately instructed there is "no room for such an examination," *Cunningham*, 127 S. Ct. at 869, the *Cunningham* dissent found that California's upper term sentencing was "indistinguishable" from this reformed sentencing scheme approved in *Booker, Cunningham*, 127 S. Ct. at 873 (Alito, J., dissenting); *id.* at 876 (finding California's upper term sentencing scheme was "not meaningfully different" from reformed scheme approved in *Booker*). *See Simmons*, 512 U.S. at 164 (finding that a contrary holding "cannot be reconciled with our well-established precedents"); *O'Dell*, 521 U.S. at 165 (*Simmons* is a new rule under *Teague*).

Also, prior to *Cunningham*, at least two other state supreme courts with similar systems rejected claims that their systems violated the Sixth Amendment in light of *Booker* and *Blakely*. *See State v. Lopez*, 123 P.3d 754, 761-68 (N.M. 2005) (concluding its mandatory scheme complied with *Booker* and *Blakely* since it imposed a standard of reasonableness); *State v. Gomez*, 163 S.W.3d 632, 661-62 (Tenn. 2005); *see also State v. Maugaotega*, 114 P.3d 905, 916 (Haw. 2005). Many panels

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

6

of a "sharply divided" California Court of Appeal, and subsequently the California Supreme Court itself, also found California's procedure constitutional, analogizing it to the system of reasonableness approved in the *Booker* remedial opinion. *See People v. Black*, 35 Cal. 4th at 1244, 1253, 1259. The large number of jurists finding that California's upper term sentencing scheme and similar statutes did not violate the Sixth Amendment demonstrates that the outcome in *Cunningham* was not so clear that no reasonable jurist could have reached a contrary result. *See Cruz*, 423 F.3d at 1120; *Schardt*, 414 F.3d at 1035; *see also Lambrix v. Singletary*, 520 U.S. 518 (1997) (the capital case of *Espinosa v. Florida*, 505 U.S. 1079 (1992), holding that the judge and jury in a weighing state may not weigh invalid aggravating circumstances, is a new rule because reasonable jurists could have reached a different outcome based on different approaches to prior precedent).

Thus, in light of the legal landscape at the time petitioner's conviction became final on December 12, 2006, reasonable jurists would not have felt compelled to reach the same conclusion as *Cunningham*. Even though the Supreme Court has now clarified that California's upper term sentencing violates the Sixth Amendment, granting relief to petitioner would require retroactive application of a new rule under *Teague*.

The third and final inquiry is whether the new rule falls into one of *Teague*'s exceptions, under which a new rule may be given retroactive effect on collateral review. The first exception is inapplicable because the rule announced in *Cunningham* does not place conduct beyond the reach of criminal law or "decriminalize" any class of conduct. *See Saffle v. Parks*, 494 U.S. 484, 495 (1990). The *Cunningham* rule also is not a "watershed exception" because, as the Ninth Circuit put it, "we cannot confidently say that judicial factfinding *seriously* diminishes accuracy." *See Schardt,* 414 F.3d at 1036 (*Blakely* does not satisfy the watershed-rule exception to *Teague*).

Because the rule announced by *Cunningham* is "new" within the meaning of *Teague* and does not fall into one of *Teague*'s exceptions, federal habeas relief is barred in this case.

**D.    The California Courts Did Not Unreasonably Apply Supreme Court Precedent in Denying Petitioner's Claim**

Assuming that relief is not barred by *Teague*, it is nevertheless unwarranted. When a state court denies a claim on the merits, federal habeas corpus relief is barred unless the state-court

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

7

1  adjudication was either (1) "contrary to, or involved an unreasonable application of, clearly
2  established Federal law, as determined by the Supreme Court of the United States," or was (2)
3  "based on an unreasonable determination of the facts in light of the evidence presented in the State
4  court proceeding." 28 U.S.C. § 2254(d); *see also Price v. Vincent*, 538 U.S. 634, 638-39 (2003).
5  This is a "'highly deferential standard for evaluating state-court rulings,' which demands that state-
6  court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)
7  (*per curiam*) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)), internal citation omitted.

8        Although the state supreme court did not expressly address the constitutionality of
9  California's upper term procedure, the court's rejection on the merits of petitioner's claim was
10  sufficient to allow for deference under 28 U.S.C. § 2254(d) on the question of whether the upper
11  term system was constitutional. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (state court need not even
12  be aware of applicable Supreme Court precedent "so long as neither the reasoning nor the result of
13  the state-court decision contradicts them"); *Williams v. Taylor*, 529 U.S. 362, 406 (2000) ("A state-
14  court decision will also be contrary to this Court's clearly established precedent if the state court . . .
15  arrives at a *result* different from our precedent.") (emphasis added); *Hernandez v. Small*, 282 F.3d
16  1132, 1140 (9th Cir. 2002) ("the intricacies of the state court's analysis need not concern us; what
17  matters is whether the decision the court reached was contrary to controlling federal law").[2/]

18        As noted above, the outcome in *Cunningham* was not a foregone conclusion. Rather,
19  many courts agreed with the California Supreme Court in finding that an upper term sentencing
20  scheme like that in California was constitutional. Indeed, three justices of the Supreme Court
21  ultimately concluded that California's sentencing scheme was constitutional. *Cunningham*, 127 S.
22  Ct. at 873 (Alito, J., dissenting). *Apprendi*, *Blakely*, and *Booker* clearly established that a
23  defendant's right to jury trial prohibited imposing a sentence above an initial sentencing range based
24  on facts not found by the jury. But they did not clearly establish that California's upper term

---

2. There is currently an intra-circuit dispute on the issue of whether a federal habeas court should give deference to the result or the reasoning of a state court decision under 28 U.S.C. § 2254(d). *Sims v. Rowland*, 414 F.3d 1148, 1152 n.2 (9th Cir. 2005).

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

8

sentencing system, which required that a sentencing choice within an initial range be reasonable, necessarily violated those tenets. Therefore, the California courts' rejection of Petitioner's claim was not an unreasonable application of clearly established Supreme Court precedent. 28 U.S.C. § 2254(d).

In addition, the state court's decision to uphold petitioner's upper term sentence was reasonable because the sentence was based on petitioner's prior convictions. Citing California Rules of Court, rule 4.421(b)(2) and (b)(3), the trial court specifically noted petitioner's prior convictions as factors in aggravation. RT 626. While the Supreme Court said in *Cunningham* that imposition of the upper term based on an aggravating factor not found by the jury violates the Sixth Amendment, the Court retained an important exception—a defendant's prior convictions. *Cunningham* 127 S. Ct. at 860, 863-64, 868. The Court continued to recognize in *Cunningham*, as it did in prior cases, that selection of a sentence based on a defendant's prior convictions does not violate the Sixth Amendment. *Id.*; *accord Blakely*, 542 U.S. at 301; *Apprendi*, 530 U.S. at 490; *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

**E.  Harmless Error**

Moreover, petitioner has failed to show the alleged error had a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Bains v. Cambra*, 204 F.3d 964, 976-77 (9th Cir. 2000) (even if state court does not have occasion to apply the test for assessing prejudice applicable under federal law, the *Brecht* standard applies uniformly in all federal habeas corpus cases under § 2254); *see Henry v. Estelle*, 33 F.3d 1037, 1041 (9th Cir. 1993) (*Brecht* harmless error standard applies to constitutional magnitude, trial type errors, and is the equivalent of harmless error standard under California law), *rev'd sub nom on other grounds in Duncan v. Henry*, 513 U.S. 364, 366 (1995). The Supreme Court has held that a *Blakely*-type error in failing to submit an aggravating circumstance to a jury is subject to harmless error analysis. *Washington v. Recuenco*, 548 U.S. 212, 126 S. Ct. 2546, 2553 (2006).

In California, a single aggravating circumstance is sufficient to render a defendant *eligible* for the upper term. *People v. Osband*, 13 Cal.4th 622, 728-29 (1996); *People v. Earley*, 122

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

9

1  Cal.App.4th 542, 550 (2004); see also *Cunningham*, 127 S.Ct. at 860 (the middle term was required
2  "unless the judge found one or more additional facts in aggravation"); *id*. at 868 ("an upper term
3  sentence may be imposed only when the trial judge finds an aggravating circumstance"); *Black*, 35
4  Cal.4th at 1255 (Cal. Pen. Code, § 1170(b) mandates "that the middle term be imposed unless an
5  aggravating factor is found").  Thus, the presence of a single circumstance in aggravation renders
6  a defendant *eligible* for the upper term and provides the trial court with the statutory *authority* to
7  impose the upper term, irrespective of the particular term the court ultimately imposes after
8  conducting the requisite balancing. *See Cunningham*, 127 S.Ct. at 865, quoting *Blakely*, 542 U.S.
9  at 305 (the constitutional test focuses on the judge's "*authority* to impose an enhanced sentence,"
10 regardless of whether the "enhanced sentence depends on finding a specified fact (as in *Apprendi*),
11 one of several specified facts (as in *Ring*), or *any* aggravating fact (as here)").  The existence of a
12 single aggravating circumstance based on the defendant's criminal history falls within the recidivism
13 exception to the jury trial requirement and is sufficient to authorize the imposition of an upper term
14 sentence under the Sixth Amendment. *See Black*, 35 Cal.4th at 1270 (conc. & dis. opn. of Kennard,
15 J.).  Here, it is undisputed that petitioner had suffered several prior convictions.  CT 576.  The trial
16 court was therefore fully authorized to impose the aggravated term.  Under these circumstances,
17 petitioner cannot show any substantial and injurious effect within the meaning of *Brecht v.*
18 *Abrahamson*, 507 U.S. at 637-38.

19
20
21
22
23
24
25
26
27
28

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus -
*Topper v. Evans* - C 07-4543 JSW (PR)

**CONCLUSION**

For the foregoing reasons, respondent respectfully requests that the order to show cause be discharged, and the petition be denied.

Dated: August 15, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General

/s/ Dorian Jung
DORIAN JUNG
Deputy Attorney General

Attorneys for Respondent

20132050.wpd
SF2008400143

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus -
*Topper v. Evans* - C 07-4543 JSW (PR)

11

# TABLE OF CONTENTS

| | Page |
|---|---|
| ARGUMENT | 1 |
| **THE STATE SUPREME COURT DID NOT UNREASONABLY APPLY CLEARLY ESTABLISHED FEDERAL LAW BY REJECTING PETITIONER'S CLAIM OF *CUNNINGHAM* ERROR** | 1 |
| A. Factual Background | 2 |
| B. The *Cunningham* Decision | 2 |
| C. Granting Relief Under *Cunningham* or *Blakely* Would Violate *Teague* | 2 |
| D. The California Courts Did Not Unreasonably Apply Supreme Court Precedent in Denying Petitioner's Claim | 7 |
| E. Harmless Error | 9 |
| CONCLUSION | 11 |

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Almendarez-Torres v. United States*
523 U.S. 224 (1998) ... 9

*Apprendi v. New Jersey*
530 U.S. 466 (2000) ... 2, 5, 8-10

*Arizona v. Roberson*
486 U.S. 675 (1988) ... 4

*Arredondo v. Ortiz*
365 F.3d 778 (9th Cir. 2004) ... 3

*Bains v. Cambra*
204 F.3d 964 (9th Cir. 2000) ... 9

*Beard v. Banks*
542 U.S. 406 (2004) ... 3

*Blakely v. Washington*
542 U.S. 296 (2004) ... 1, 2, 4-10

*Brecht v. Abrahamson*
507 U.S. 619 (1993) ... 9, 10

*Butler v. Curry*
528 F.3d 624 (9th Cir. 2008) ... 3

*Butler v. McKellar*
494 U.S. 407 (1990) ... 4

*Caspari v. Bohlen*
510 U.S. 383 (1994) ... 3

*Cooper-Smith v. Palmateer*
397 F.3d 1236 (9th Cir. 2005) ... 5

*Cunningham v. California*
549 U.S. 270 (2007) ... 1-10

*Duncan v. Henry*
513 U.S. 364 (1995) ... 9

*Early v. Packer*
537 U.S. 3 (2002) ... 8

*Espinosa v. Florida*
505 U.S. 1079 (1992) ... 7

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

ii

## TABLE OF AUTHORITIES  (continued)

**Page**

*Graham v. Collins*
506 U.S. 461 (1993) ... 4

*Hayes v. Brown*
399 F.3d 972 (9th Cir. 2005) ... 3

*Henry v. Estelle*
33 F.3d 1037 (9th Cir. 1993) ... 9

*Hernandez v. Small*
282 F.3d 1132 (9th Cir. 2002) ... 8

*Horn v. Banks*
536 U.S. 266 (2002) ... 3

*Johnson v. Texas*
509 U.S. 350 (1993) ... 4

*Lambrix v. Singletary*
520 U.S. 518 (1997) ... 7

*Lindh v. Murphy*
521 U.S. 320 (1997) ... 8

*O'Dell v. Netherland*
521 U.S. 151 (1997) ... 4, 6

*People v. Black*
35 Cal. 4th 1238 (2005) ... 2, 7, 10

*People v. Earley*
122 Cal.App.4th 542 (2004) ... 9

*People v. Osband*
13 Cal.4th 622 (1996) ... 9

*Price v. Vincent*
538 U.S. 634 (2003) ... 8

*Saffle v. Parks*
494 U.S. 484 (1990) ... 7

*Schardt v. Payne*
414 F.3d 1025 (9th Cir. 2005) ... 5, 7

*Simmons v. South Carolina*
512 U.S. 154 (1994) ... 4, 6

*Sims v. Rowland*
414 F.3d 1148 (9th Cir. 2005) ... 8

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

iii

## TABLE OF AUTHORITIES  (continued)

**Page**

*Skipper v. South Carolina*
476 U.S. 1 (1986) .......... 4

*State v. Gomez*
163 S.W.3d 632 (Tenn. 2005) .......... 6

*State v. Lopez*
123 P.3d 754 (N.M. 2005) .......... 6

*State v. Maugaotega*
114 P.3d 905 (Haw. 2005) .......... 6

*Teague v. Lane*
489 U.S. 288 (1989) .......... 1-7

*United States v. Booker*
543 U.S. 220 (2005) .......... 2, 5-8

*United States v. Cruz*
423 F.3d 1119 (9th Cir. 2005) .......... 5-7

*Washington v. Recuenco*
548 U.S. 212 (2006) .......... 9

*Williams v. Taylor*
529 U.S. 362 (2000) .......... 8

*Woodford v. Visciotti*
537 U.S. 19 (2002) .......... 8

**Constitutional Provisions**

United States Constitution
    Fourteenth Amendment .......... 2
    Sixth Amendment .......... 2, 6, 7, 9

**Statutes**

United States Code, Title 28
    § 2254 .......... 9
    § 2254(d) .......... 2, 8, 9

California Penal Code
    § 667.61 .......... 2
    § 1170(b) .......... 2, 10

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

iv

**TABLE OF AUTHORITIES  (continued)**

**Page**

**Court Rules**

California Rules of Court
    rule 4.421(b)(2) and (b)(3) ................................................................. 9

Sup. Ct. R.
    10(c) ................................................................................................... 6

**Other Authorities**

AEDPA ............................................................................................................ 3

Supplemental Memorandum of Points and Authorities in Support of Answer To Petition for Writ of Habeas Corpus - *Topper v. Evans* - C 07-4543 JSW (PR)

v